UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Consumer Financial Protection Bureau, Petitioner, v. Community Loans of America, Inc., Respondent. | Case No.: _____ <br><br> Date: _____ <br><br> **DECLARATION OF JOHN THOMPSON** |

I, John Thompson, under 28 U.S.C. §1746, declare as follows:

1. I am a Senior Litigation Counsel at the Consumer Financial Protection Bureau (Bureau), Office of Enforcement, and the lead counsel in the Bureau's investigation involving Community Loans of America, Inc. (CLA).

2. I am over 18 years of age and authorized to execute this declaration verifying the facts set forth in the Bureau's Petition to Enforce Civil Investigative Demand and Supporting Memorandum.

3. The facts set forth in this declaration are based on my personal knowledge or information made known to me in the course of my official duties.

**BACKGROUND INFORMATION**

4. I am an attorney engaged in an ongoing Bureau investigation to determine whether lenders or associated persons, in connection with providing short-term or small-dollar title loans, have: (1) improperly induced borrowers to

1

take out, renew, and refinance title-loan products that harmed them; (2) misrepresented the full, long-term costs of serially renewing or refinancing their title-loan products; or (3) misrepresented that their title loans are short-term obligations despite being underwritten, structured, and serviced in a manner that renders them longer-term obligations for many borrowers, all in a manner that is unfair, deceptive, or abusive in violation of sections 1031 and 1036 of the CFPA," and whether "Bureau action . . . would be in the public interest."

5. CLA is a Roswell, Georgia small-dollar lender that markets, originates, services, and collects on auto-title loans, which are high-cost, short-term loans secured by the unencumbered title to the borrower's car.

**THE CIVIL INVESTIGATIVE DEMAND**

6. On February 13, 2023, the Deputy Assistant Director of the Office of Enforcement issued a Civil Investigative Demand (CID) for investigational hearings of CLA representatives, which was served on CLA's counsel via e-mail with their consent. Before serving the CID, I provided CLA's counsel with the list of topics for the investigational hearing and I contacted CLA's counsel to find mutually convenient dates and times to conduct the investigational hearings. CLA's counsel refused to discuss the timing of the hearings and, instead, stated that CLA thought the Bureau should stay its

investigation until an unrelated, pending litigation matter involving the Bureau had been resolved.

7. As required by the Bureau's organic statute, the Consumer Financial Protection Act of 2010 (CFPA), the CID contained a "Notification of Purpose" advising CLA of the purpose of the Bureau's investigation. The CID required CLA to appear on March 27, 28, and 29, 2023, to testify about 12 topics related to CLA's auto-title business practices. Attached as Exhibit A to this declaration is a true and correct copy of the CID issued to CLA.

8. The CFPA and the Bureau's Rules Relating to Investigations provide CID recipients with an administrative procedure for petitioning the Bureau's Director to set aside or modify a CID. This procedure permits the CID recipient to file such a petition within 20 calendar days of service of the CID, or, if the return date is less than 20 calendar days after service, before the CID's return date. 12 U.S.C. § 5562(f), 12 C.F.R. § 1080.6(e). The Bureau gave CLA notice of these administrative procedures in the CID, as part of the CID's attached instructions and Rules of Investigation. See Ex. A.

## CLA'S RESPONSE TO THE CIVIL INVESTIGATIVE DEMAND

9. On February 23, 2023, CLA's counsel, Sarah T. Reise and Chris Willis, met and conferred with me and other Bureau counsel to discuss CLA's compliance with the CID. During this call, CLA informed the Bureau that CLA would not

comply with the CID. CLA's counsel stated that CLA's only basis for not complying with the CID was the existence of the United States Court of Appeals for the Fifth Circuit's decision in *Community Financial Services Ass'n of Am., Ltd. v. Consumer Financial Protection Bureau*, 51 F.4th 616 (5th Cir. 2022), *cert. granted*, No. 22-448 (U.S. Feb. 27, 2023), which held that the Bureau's funding structure violates the Appropriations Clause and separation-of-powers principles in the U.S. Constitution.

10. CLA's counsel thus requested that the Bureau stay its investigation until the United States Supreme Court had ruled on the Bureau's then-pending petition for certiorari and resolved the question whether the Bureau's funding structure is unconstitutional.

11. CLA's counsel said that CLA would not file a petition to modify or set aside the CID—only that the company would not voluntarily appear for an investigational hearing before either (a) the United States Supreme Court had resolved the constitutional challenge the Bureau's funding structure, or (b) the company was ordered by a court to comply with the CID.

12. The 20-day period for CLA to file a petition to modify the CID ended on March 5, 2023. CLA did not file a petition with the Bureau to modify or set aside the CID, nor did it request an extension of time to file a petition to modify or set aside the CID.

13. CLA did not appear for testimony on March 27, 28, and 29, 2023, as required by the CID.

14. The Bureau's CID seeks information that is not already in the Bureau's possession regarding the noticed topics of examination, and such information can only be obtained from a representative of CLA. This information is essential to the Bureau's investigation of whether CLA violated the law.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: October 4, 2023    /s/ John Thompson
John Thompson (NM Bar No. 139788)

*Attorney for Petitioner*
Consumer Financial Protection Bureau