UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>    PETITIONER,<br><br>V.<br><br>COMMUNITY LOANS OF AMERICA, INC.,<br><br>    RESPONDENT. | Case No.: 1:23-mi-00100-SEG-REV |

**PETITIONER'S OPPOSITION TO RESPONDENT'S
MOTION FOR 21-DAY EXTENSION OF TIME**

The Consumer Financial Protection Bureau (Bureau) submits this Opposition to the Motion for 21-Day Extension of Time to Respond, ECF No. 4, filed on November 16, 2023, by Community Loans of America, Inc. (CLA), which requests to extend its deadline to respond to the Bureau's Petition to Enforce, ECF No. 1, the civil investigative demand (CID) that it issued to CLA on February 13, 2023. CLA's Motion to Extend—and its contemporaneously filed Motion to Stay, ECF No. 3—seek to unjustifiably delay and further disrupt the Bureau's ability to complete its investigation into whether CLA has violated the law. Rather than prolong the briefing in this matter and expend unnecessary judicial resources by engaging in piecemeal litigation of the issues, the Bureau respectfully requests that the Court:

1

(i) deny CLA's Motion to Extend, thus requiring CLA to submit its response to the Bureau's Petition no later than November 29, 2023, i.e., the date already set in this Court's Order to Show Cause, ECF No. 2;

(ii) order expedited briefing regarding CLA's Motion to Stay, which would require the Bureau to submit its opposition to CLA's Motion to Stay no later than November 22 and require CLA to file its reply brief no later than November 29, 2023; and

(iii) hear any oral argument on the Motion to Stay and the Bureau's Petition during the previously scheduled December 4, 2023 show-cause hearing.

## BACKGROUND

On October 4, 2023, the Bureau filed its Petition to Enforce, ECF No. 1, which asked this Court to issue an order requiring that CLA appear and give testimony in accordance with the Bureau's civil investigative demand (CID) issued to CLA on February 13, 2023. On November 14, 2023, this Court issued an Order to Show Cause, ECF No. 2, that set a hearing for December 4, 2023, and ordered CLA to file a written response no more than three days before the hearing and explain why it should not be ordered to comply with the Bureau's CID. On the same day, the Bureau's counsel served the show-cause order on CLA.[1]

Two days later, on November 16, 2023, CLA filed a Motion to Stay, ECF No. 3, along with a Motion for 21-Day Extension of Time to Respond, ECF No. 4. Notably, while the motion to extend nominally requests 21 additional days to respond to the Bureau's Petition, it effectively seeks an extension of indeterminate

---

[1] The Bureau served CLA's counsel by email under Fed. R. Civ. P. 5(b)(F).

length because, if granted, the additional 21 days to file the response would not begin running until after the parties submit briefing regarding CLA's Motion to Stay *and* the Court has had an opportunity to review and resolve that motion.

## ARGUMENTS & AUTHORITIES

### I. CLA FAILS TO ESTABLISH THAT GOOD CAUSE EXISTS TO EXTEND ITS DEADLINE

A district court may extend a deadline for good cause if a request for more time is made before the original deadline.[2] "Because the district court may exercise its discretion [to extend deadlines] under Rule 6(b)(1) only 'for good cause,' a party must demonstrate some justification for the issuance of the extension."[3] Where there is either "bad faith on the part of the party seeking relief *or* prejudice to the adverse party," courts may exercise their discretion to deny the requested extension.[4] CLA's request for an extension fails both because CLA's Motion does not present good cause to extend the already reasonable deadline for its response to the Bureau's petition and granting an extension would cause prejudice to the Bureau.

While Eleventh Circuit courts have not articulated a specific standard for showing good cause under Rule 6(b)(1)(A), in other contexts they have said that

---

[2] Fed. R. Civ. P. 6(b)(1)(A).

[3] 4B Wright & Miller, Fed. Prac. & Proc. Civ. § 1165 (4th ed. Apr. 2023).

[4] *Id.*

good cause requires a showing that the deadline could not be met despite the diligence of the party seeking an extension.[5] CLA has not even attempted to make such a showing here because it cannot. CLA has been in possession of the Petition since the Bureau provided opposing counsel a courtesy copy of the document on October 5, 2023, i.e., the day after it was filed. Then, more than five weeks later, CLA received the Court's Show Cause Order on November 14, 2023. The Court gave CLA until November 29 (an additional 15 days) to file its response. There is no reason why CLA should not be able to meet the current deadline, given that almost two months will have passed since the Bureau filed its Petition. The Motion to Extend should be denied on this basis alone.

## II. CLA FAILS TO ESTABLISH THAT THE EQUITIES AND JUDICIAL EFFICIENCY WARRANT GRANTING IT THE INDEFINITE EXTENSION OF TIME THAT IT REQUESTS

Rather than establish an inability to meet its existing deadline, CLA couches its argument for an extension in terms of judicial economy and efficiency.[6] This argument also fails because simply filing a response to the Bureau's Petition is the

---

[5] *See Hermann v. McFarland*, No. 22-10644, 2022 WL 4489427, at *4 (11th Cir. Sept. 28, 2022) ("While we have not addressed the good cause standard under Rule 6(b)(1)(A) in a published opinion, in the context of Rule 16(b)(4) concerning scheduling orders, we have said the good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension.") (internal quotation marks omitted); *Battle v. Thomas*, No. 1:21-CV-2332-SEG, 2022 WL 17937991, at *1 (N.D. Ga. Aug. 11, 2022) (noting that to establish good cause to reopen discovery, "the party seeking the extension must establish that the schedule could not be met despite the party's diligence").

[6] Mot. to Extend ¶ 7, ECF No. 4.

fairer and more efficient course. CLA's only objection to the Bureau's CID is that its compliance obligation should be stayed pending the Supreme Court's resolution of *Consumer Financial Protection Bureau v. Community Financial Services Association of America, Ltd.* (*CFSA*).[7] In short, CLA contends that it should not be required to comply with a valid administrative subpoena until its objection—which is based solely on a widely rejected constitutional challenge to the Bureau's funding mechanism—is resolved by the Supreme Court.[8]

That CLA has not identified any other issue or reason for refusing to comply with the CID, which seeks only testimony, is significant because it means that CLA should only need to address a single issue in its response to the Order to Show Cause. Moreover, to the extent that CLA now wants to assert additional defenses to its noncompliance—despite never asserting such defenses before—it would serve the interests of judicial economy for CLA to be required to present those arguments now. Otherwise, if the Court granted the Motion to Extend or Motion to Stay pending the Supreme Court's resolution of *CFSA*, then CLA would likely wait until that time to identify any additional and hitherto undisclosed defenses to complying with the CID. This would cause additional delay in the

---

[7]  51 F.4th 616 (5th Cir. 2022), *cert. granted*, No. 22-448 (U.S.).

[8]  *See* Pet. to Enforce 10-11 & n. 38, ECF No. 1 (explaining that the Fifth Circuit is the lone court to have found any constitutional defect in the Bureau's funding mechanism among many others to have considered the issue).

Bureau's ability to advance its investigation, all while potentially allowing consumer harm to continue.

The Motion to Stay, the Motion to Extend, and any forthcoming response to the Bureau's Petition are all premised on precisely the same legal theory and effectively seek the same relief, albeit in different procedural guises. So, when CLA argues that an extension of time would "avoid[] the need for the Court and the parties to address the underlying merits of the enforcement petition,"[9] it does no such thing. It merely assumes the answer to the underlying merits without addressing them. CLA does not explain why it could not both fully brief any opposition to the Bureau's Petition *and* seek a stay of the proceeding. Indeed, CLA already suggests in its Motion to Stay that it has "substantive" and "fulsome" arguments in response to the Bureau's Petition at the ready.[10] There is no harm (or

---

[9] Mot. to Extend ¶ 7, ECF No. 4.

[10] Mot. to Stay 11, ECF No. 3. Moreover, CLA's counsel has repeatedly sought similar stays in other Bureau matters and should therefore be prepared to address the merits of CLA's constitutional challenge on a routine timeline. *See Consumer Fin. Prot. Bureau v. Heights Finance Holding Co.*, No. 6:23-cv-04177-JD (D.S.C. Oct. 9, 2023) (Motion to Stay and Memorandum of Law in Support, ECF Nos. 18, 19; Motion for Extension of Time (21 Days) to Respond to the Complaint Pending the Court's Ruling on Defendants' Motion to Stay, ECF No. 20) (briefing merits of constitutional challenge to Bureau's funding mechanism in identical two-step gambit as that deployed here); *Consumer Fin. Prot. Bureau v. Check City P'ship*, No. 2:23-cv-00939-JCM-EJY (D. Nev. Aug. 28, 2023) (Motion to Stay Pending U.S. Supreme Court Decision in Community Financial Services Association of America, Ltd. v. CFPB, ECF No. 7; Motion to Vacate Check City's Deadline to Respond to CFPB Petition, ECF No. 8) (same); *Consumer Fin. Prot. Bureau v. Financial Asset Mgmt, Inc.*, No. 2:23-cv-00382-HCN-JCB (D. Utah July 19, 2023) (Motion to Stay Pending U.S. Supreme Court Decision in Community Financial Services Association of America, Ltd. v. CFPB, ECF No. 8; Motion for a 21-Day Extension of Time to Respond to the Consumer Financial Protection Bureau's Petition Pending the Court's Ruling on Respondent's Motion to Stay,

inefficiency) in CLA submitting those arguments to the Court now. In fact, full briefing of CLA's constitutional objection to the Bureau's Petition could help the court evaluate the merits of CLA's stay request, particularly as CLA has not yet articulated how it thinks the Fifth Circuit's remedial holding in *CFSA*—which concerned a Bureau rulemaking, not a petition to enforce an administrative subpoena—would apply to the investigation at issue here.

Furthermore, even if the efficiency argument favored CLA, the Bureau's interest in proceeding expeditiously outweighs CLA's burden of responding (a burden that CLA has not even attempted to quantify). Here, the Bureau has an "important governmental interest in the expeditious investigation of possible unlawful activity."[11] And that interest would be thwarted if CLA were allowed to delay this Court's prompt determination of the CID's validity, as it has sought to do through its Motion to Extend.

Finally, the Bureau would be prejudiced by the proposed delay because delay risks the continuation of ongoing harm to consumers. The Bureau opened its investigation of CLA on suspicion that it was improperly inducing its title-loan

---

ECF No. 9) (same); *see also Consumer Fin. Prot. Bureau v. Snap Finance, LLC, et al.*, No. 2:23-cv-00462-JNP-JCB (Sept. 18, 2023) (Defendant's Motion to Dismiss Or, in the Alternative, to Stay, and Memorandum in Support, ECF No. 31) (briefing merits of constitutional challenge to Bureau's funding mechanism in motion to dismiss that sought stay of proceedings as alternative relief).

[11] *See FTC v. Texaco, Inc.*, 555 F.2d 862, 872 (D.C. Cir. 1977).

borrowers to repeatedly renew or refinance their 30-day title loans over lengthy reborrowing terms.[12] Further delay of these summary proceedings would risk allowing CLA's suspected scheme to trap its borrowers in lengthy cycles of debt to continue unabated.

> Respectfully submitted,
>
> *Counsel for Petitioner Consumer Financial Protection Bureau*
>
> ERIC HALPERIN
> *Enforcement Director*
>
> Alusheyi J. Wheeler
> *Deputy Enforcement Director*
>
> Jade Burns
> *Assistant Litigation Deputy*
>
> /s/ Nelle Rohlich
> Paris Wynn (GA Bar No. 933549)
> Paris.Wynn@cfpb.gov
> Phone: (202) 435-9530
> John Thompson (NM Bar No. 139788)
> John.Thompson@cfpb.gov
> Phone: (202) 435-7270
> Nelle Rohlich (WI Bar No. 1047522)
> Nelle.Rohlich@cfpb.gov
> Phone: (202) 658-8966
> April Denise Seabrook (D.C. Bar. 200977)
> April.Seabrook@cfpb.gov

---

[12] Pet. to Enforce 3-4, ECF No. 1.

Phone: (202) 557-8822
*Enforcement Attorneys*
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D**

Pursuant to Local Rule 7.1D, the undersigned counsel certifies that this document has been prepared using Times New Roman 14-point font.

/s/ Nelle Rohlich
Nelle Rohlich

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of November 2023, a true and correct copy of the foregoing *Opposition to Motion for Extension of Time* was filed electronically via the Court's CM/ECF system, which will automatically notify counsel of record.

/s/ Nelle Rohlich
Nelle Rohlich