IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Consumer Financial Protection Bureau,<br><br>Petitioner,<br><br>v.<br><br>Community Loans of America, Inc.,<br><br>Respondent. | Case No.: 1:23-mi-00100-SEG-REV |

**PETITIONER'S NOTICE REGARDING THE EFFECT OF RESPONDENT'S FAILURE TO OPPOSE THE PETITION TO ENFORCE**

The Consumer Financial Protection Bureau submits this notice regarding Community Loans of America's (CLA) failure to oppose the Bureau's pending Petition to Enforce its civil investigative demand (CID), ECF No. 1.

The Court issued an Order to Show Cause on November 14, 2023, ECF No. 2, directing the parties to appear on December 4 for a hearing on the Petition. The Order directed that "[i]f respondent has any defenses to present or motions to make in opposition to the application, such defenses or motions, if any, shall be made in writing and filed with the Court at least three (3) business days prior to [the hearing]." ECF No. 2 at 2. The Order made clear that "[o]nly those issues raised by motion or brought into controversy by the responsive pleadings shall be considered by the Court, and any uncontested allegations in the application shall be deemed admitted." *Id.*

1

Thus, CLA was required to file any opposition to the Bureau's Petition no later than November 29. Although CLA was and is clearly aware of the Court's Order and the November 29 deadline, *see, e.g.*, ECF No. 4 (CLA's motion asking the Court to extend that deadline), it did not file any responsive pleading. To date, it still has not done so. As a result of that choice, the allegations in the Petition are deemed admitted. ECF No. 2 at 2. The Court should now treat the Petition as unopposed and summarily grant it.

CLA's pending request to extend its deadline to file an opposition and to continue the hearing, ECF No. 4, does not excuse its failure to oppose the Petition. The Court's Order was clear, and the mere fact that CLA would prefer that this case proceed on a different schedule than the one set by the Court does not absolve CLA of its responsibility to comply with the Court's Order (or suffer the consequences if it chooses not to). *See, e.g.*, *Compere v. Nusret Miami, LLC*, No. 19-cv-20277, 2020 WL 2844888, at *2 (S.D. Fla. May 7, 2020) (emphasizing that "[a] motion for extension of time is not self-executing" and explaining that the court "w[ould] not condone" the practice of parties "essentially grant[ing] their own motions" by filing requests for more time and "then sitting idle pending the Court's disposition of the motion" (quotation marks omitted)). CLA should not be free to impose its preferred schedule on the Court and the Bureau merely by noncompliance.

CLA's other pending motion, which asks to stay this litigation entirely, ECF No. 3, is also irrelevant, and now moot. CLA's failure to oppose the Petition waives any claim that the Bureau's statutory method of funding should prevent the prompt enforcement of the CID. CLA's decision to not file an opposition to the Petition means that that argument—along with any other defenses CLA might have sought to raise—are not properly presented in this case and need not be decided in order to grant the Bureau's Petition. The Court can grant the Bureau's Petition on the basis of CLA's waiver and on the allegations in the Petition, which are now admitted. And because the funding argument need not be addressed at all to resolve the Petition, it is clear that this summary proceeding need not be halted for months to await a decision on that issue in *CFPB v. Community Financial Services Ass'n of Am., Ltd.*, No. 22-448 (U.S.).

For these reasons, the Court should treat the Petition as unopposed, summarily grant it, and order CLA to fully comply with the CID by producing a witness to give oral testimony no more than 14 days after entry of the order.

Dated:  December 1, 2023             Respectfully submitted,

                                     *Counsel for Petitioner Consumer
                                     Financial Protection Bureau*

Eric Halperin
*Enforcement Director*

Alusheyi J. Wheeler
*Deputy Enforcement Director*

Jade Burns
*Assistant Litigation Deputy*

/s/ Kevin E. Friedl
Kevin E. Friedl (NY Bar No. 5240080)
Kevin.Friedl@cfpb.gov
Phone: (202) 435-9268
Paris Wynn (GA Bar No. 933549)
Paris.Wynn@cfpb.gov
Phone: (202) 435-9530
John Thompson (NM Bar No. 139788)
John.Thompson@cfpb.gov
Phone: (202) 435-7270
Nelle Rohlich (WI Bar No. 1047522)
Nelle.Rohlich@cfpb.gov
Phone: (202) 658-8966
April Denise Seabrook (DC Bar
  No. 200977)
April.Seabrook@cfpb.gov
Phone: (202) 557-8822
*Attorneys*
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D

Pursuant to Local Rule 7.1D, the undersigned counsel certifies that this document has been prepared using Times New Roman 14-point font.

/s/ Kevin E. Friedl
Kevin E. Friedl

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2023, the foregoing was served on counsel of record via the CM/ECF system.

/s/ Kevin E. Friedl
Kevin E. Friedl
