IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, | :: :: | |
| Petitioner, | :: :: | CIVIL ACTION NO. 1:23-mi-00100-SEG-RGV |
| v. | :: :: | |
| COMMUNITY LOANS OF AMERICA, INC., | :: :: | |
| Respondent. | :: | |

### ORDER

The Consumer Financial Protection Bureau (the "CFPB") filed a petition to enforce compliance with a Civil Investigative Demand ("CID") issued by the CFPB to respondent Community Loans of America, Inc. ("CLA") on February 13, 2023. See [Doc. 1].[1] On November 14, 2023, the Court entered an Order requiring CLA to appear on December 4, 2023, to show cause why this Court should not issue an order requiring CLA to comply with the CID by producing the requested documents. See [Doc. 2]. The Order also required CLA to file and serve a written response to the application at least three (3) business days prior to the date of the show cause hearing, and further provided that if CLA had any defenses to present

---

[1] The listed document and page numbers in citations to the record in this Order refer to the document and page numbers shown on the Adobe file reader linked to the Court's electronic filing database, CM/ECF.

or motions to make in opposition to the application, such defenses or motions, if any, must be made in writing and filed with the Court at least three (3) business days prior to the date of the show cause hearing. [Id. at 2]. The Order cautioned that only those issues raised by motion or brought into controversy by the responsive pleadings would be considered by the Court, and any uncontested allegations in the application would be deemed admitted. [Id.].

On November 16, 2023, CLA filed a motion to stay this action pending the Supreme Court's determination of the constitutionality of the CFPB's funding mechanism, [Doc. 3], and a motion for an extension of time to respond to the CFPB's petition and to continue the December 4, 2023, show cause hearing until twenty-one (21) days after the Court rules on the contemporaneously filed motion to stay, [Doc. 4], and the CFPB opposed both motions, see [Docs. 6 & 7]. The Court granted in part CLA's motion for an extension of time, [Doc. 4], by continuing the show cause hearing until further order of the Court, but ordered CLA to comply with the November 14, 2023, Show Cause Order, [Doc. 2], by filing a response identifying all defenses it has to the CFPB's petition in addition to the constitutional argument already asserted in the motion to stay. See [Doc. 12]. CLA filed its response, [Doc. 14], indicating that it "only intends to rely upon the Fifth Circuit's decision in *Cmty. Fin. Servs. Ass'n of Am. v. CFPB*, 51 [F.]4th 616 (5th Cir.

2

2022), which held that the CFPB's funding mechanism is unconstitutional under the Appropriations Clause of the U.S. Constitution," [id. at 1]. The motion to stay having now been fully briefed, see [Docs. 3, 7, & 13], and upon consideration of the arguments advanced, the Court concludes that a stay is warranted pending the decision of the United States Supreme Court upon review of the ruling by the Fifth Circuit that the CFPB's funding mechanism is unconstitutional.[2]

A district court "'has broad discretion to stay proceedings as an incident to its power to control its own docket.'" Marine Horizons v. BP, PLC, Civil Action No. 10-0227-WS-N, 2010 WL 2104629, at *1 (S.D. Ala. May 25, 2010) (citations omitted) (quoting Clinton v. Jones, 520 U.S. 681, 706 (1997)); see also Ortega Trujillo v. Conover & Co. Commc'ns, Inc., 221 F.3d 1262, 1264 (11th Cir. 2000) (per curiam) (citation omitted) ("A stay sometimes is authorized simply as a means of controlling the district court's docket and of managing cases before the district court."). "Indeed, the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with

---

[2] The Honorable J. Clay Fuller, United States Magistrate Judge for the Northern District of Georgia, recently addressed the issue of whether to grant a stay of proceedings in another action to enforce compliance with a CFPB subpoena under similar circumstances, and the Court finds his reasoning persuasive and reaches the same conclusion in this case. See Consumer Fin. Prot. Bureau v. Nat'l Credit Sys., Inc., Civil Action No. 1:23-mi-00007-WMR-JCF, at [Doc. 11] (N.D. Ga. Oct. 18, 2023) (hereinafter referred to as "CFPB v. NCS").

economy of time and effort for itself, for counsel, and for litigants." Hopkins v. Transocean Ltd., Civil Action No. 10-0221-WS-C, 2010 WL 2104548, at *1 (S.D. Ala. May 25, 2010) (citation and internal marks omitted). "[T]he party requesting a stay bears the burden of establishing the need for the stay." Baine v. Citibank, N.A., CIVIL ACTION NO. 1:18-CV-3024-AT-JSA, 2018 WL 6167950, at *1 (N.D. Ga., Oct. 10, 2018) (citations omitted). "Three factors guide the court's inquiry in considering whether to enter a stay: '(1) whether a stay would unduly prejudice or present a tactical disadvantage to the nonmovant, (2) whether a stay will simplify the issues in the case; and (3) whether discovery is complete and a trial date is set.'" CFPB v. NCS, at [Doc. 11 at 2 (quoting Collegiate Licensing Co. v. Am. Cas. Co., 842 F. Supp. 1360, 1369 (N.D. Ga. 2012))].

As for the first factor, whether a stay would unduly prejudice or present a tactical disadvantage to CFPB, the Court finds that staying this matter until the United States Supreme Court decides the issue of the constitutionality of CFPB's funding mechanism may result in some degree of prejudice to CFPB, but "[s]uch an inherent risk of delay, however, is not dispositive regarding this factor." Id., at [Doc. 11 at 5 (alteration in original) (quoting Epic Tech, LLC v. Pen-Tech Assocs., Inc., CIVIL ACTION FILE NO. 1:20-CV-2428-MHC, 2020 WL 8258736, at *4 (N.D. Ga. Sept. 28, 2020))]. The Court concludes "that CFPB will not be unduly prejudiced or face a tactical disadvantage by a stay, and that any initial delay a

4

stay may cause is heavily outweighed by the other two factors" the Court must consider. Id., at [Doc. 11 at 5].

The Court next considers whether a stay will simplify the issues in the case, and because it is undisputed that the Supreme Court's ruling would have a substantial effect on the only defense CLA asserts in this matter, the Supreme Court's ruling would "obviate the need for the parties to present the same legal questions for this Court's consideration and not only simplify the issue in this case but dispositively decide the issue." Id., at [Doc. 11 at 6 (citation and internal marks omitted)]. "Federal courts routinely exercise their power to stay a proceeding where a pending decision [in another case] would have a substantial or controlling effect on the claims and issues in the stayed case." HCL Am. Inc. v. Am. Teleconferencing Servs., CIVIL ACTION FILE NO. 1:22-CV-139-TWT, 2023 WL 4482329, at *4 (N.D. Ga., Jul. 10, 2023) (alteration in original) (citation and internal marks omitted). Accordingly, "the interests of judicial economy, efficiency, and simplification of the issues combine to justify a stay." CFPB v. NCS, at [Doc. 11 at 6].

The final factor of whether discovery is complete and a trial date is set presents a unique consideration in the context of a CID-enforcement proceeding which, as the CFPB points out, is meant "to be summary in nature" to support "the important governmental interest in the expeditious investigation of possible

unlawful activity." [Doc. 7 at 4 (citations and internal marks omitted]. However, since the matter is still in its early stage and the Supreme Court's ruling will be dispositive of the only defense CLA has asserted, "the stage of litigation weighs in favor of granting a stay." CFPB v. NCS, at [Doc. 11 at 7 (citation omitted)]. CLA persuasively argues that "a short stay is appropriate" because the Supreme Court is the "final arbiter" of the constitutional issue presented as the sole defense presented, and it "has already heard the parties' oral argument and will issue its decision soon," no later than the conclusion of its October 2023 term, [Doc. 3 at 11 (citations and internal marks omitted)], which counsels in favor of staying the action.

Accordingly, having considered all the relevant factors, the Court concludes that a stay is warranted pending the United States Supreme Court's decision in Consumer Fin. Prot. Bureau v. Cmty. Fin. Servs. Ass'n of Am., Ltd., 143 S. Ct. 978 (Feb. 27, 2023), and therefore, CLA's motion to stay, [Doc. 3], is **GRANTED**, and the parties are **DIRECTED** to submit a joint status report **NO LATER THAN 10 DAYS** after the date of United States Supreme Court's decision.

**IT IS SO ORDERED**, this 2nd day of January, 2024.

_____
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE